UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FITZGERALD ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-650 |
| B.P. EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.'s (collectively the "BP parties") motion for summary judgment.[1] Plaintiffs oppose the motion.[2] For the following reasons, the Court grants the motion.

### I.  BACKGROUND

This case arises from plaintiffs' deceased son Nathan Fitzgerald's alleged exposure to toxic chemicals following the Deepwater Horizon oil spill in the Gulf of Mexico.[3] Plaintiffs allege that Fitzgerald was hired "to clean up

---

1    R. Doc. 58. Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., DRC Marine, LLC, and DRC Emergency Services, LLC join the BP parties' motion for summary judgment. *Id.* at 1 n.1.
2    R. Doc. 59.
3    R. Docs. 1 at 1-2 ¶¶ 3-7.

beaches, marshes, wetlands and other onshore areas by removing polluted sand, collecting tarballs, laying or collecting boom, hand-applying dispersant in inland areas, and other related clean up efforts following the [o]il [s]pill."[4] They contend that after Fitzgerald's alleged exposure, he was diagnosed with acute lymphoblastic leukemia and acute myeloid leukemia,[5] of which he died on April 9, 2012.[6]

Plaintiffs' case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier. The case was severed from the MDL as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[7] Plaintiffs opted out of the settlement.[8] After plaintiffs' case was severed, it was reallocated to this Court. On November 1, 2021, this Court issued a scheduling order that established, among other deadlines, that plaintiffs' expert disclosures had to be "obtained and delivered" to defense counsel by no later than October 7, 2022.[9]

---

4     *Id.* at 17 ¶ 95.
5     *Id.* at 2 ¶ 6.
6     *Id.* ¶ 9.
7     *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2, 12 & n.12 (E.D. La. Apr. 1, 2021).
8     R. Doc. 1 at 1 ¶ 2.
9     R. Doc. 44 at 1.

Defendants now move for summary judgment, arguing that because plaintiffs have not identified any expert testimony, they are unable to carry their burden on causation.[10]

Plaintiffs contend that they are entitled to a presumption of causation because before Fitzgerald participated in the oil spill clean-up efforts, he was a healthy 18-year-old.  Two years later, he had developed cancer and died.[11] They further argue that Fitzgerald's treating physicians are going to testify as to the cause of Fitzgerald's cancer and death.[12]  They assert that they did not produce expert reports for those physicians because they were not "retained specifically for litigation."[13]

The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069,

---

10      R. Doc. 58-1 at 1.
11      R. Doc. 59 at 7.
12      *Id.*
13      *Id.* at 5.

3

1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by

4

either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If, as here, the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

Plaintiffs assert claims for general maritime negligence, negligence per se, and gross negligence against defendants as a result of the oil spill.[14] Defendants contend that because plaintiffs have disclosed no experts on the issue of causation, plaintiffs cannot prove that exposure to oil or dispersants was the legal cause of Fitzgerald's alleged injuries.[15]  Defendants assert that plaintiffs thus cannot prove a necessary element of their claims.[16]

"Under the general maritime law, a party's negligence is actionable only if it is a 'legal' cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).  "Legal cause" is more than but-for causation; instead, the negligence "must be a 'substantial factor' in the injury." *Id.*  To prevail in a toxic tort case, a plaintiff must show both general causation and specific causation.  *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351-52 (5th Cir. 2007) (in toxic tort cases, "the district court must determine whether there is general causation," and if so, "the district court must determine whether there is admissible

---

[14]  R. Doc. 1 at 21-28, ¶¶ 112-134.  Plaintiffs also brought a claim for strict liability against defendant Nalco "for its defective design of Corexit," a dispersant allegedly used by BP in the oil spill clean-up.  *Id.* at 29-31, ¶¶ 150-166.
[15]  R. Doc. 58-1 at
[16]  R. Doc. 58-1 at

6

specific-causation evidence"). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 724 (5th Cir. 2009) (citing *Knight*, 482 F.3d at 351).

Expert testimony is required to establish general causation in toxic-tort cases like this one. *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433-34 (5th Cir. 2020) (affirming summary judgment where plaintiff lacked admissible expert testimony on general causation); *see also Macon v. BP Expl. & Prod. Inc.*, No. 17-3548, 2022 WL 1811135, at *7 (E.D. La. June 2, 2022) (dismissing plaintiff's claims "[b]ecause expert testimony is required on [general causation]"). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996).

Courts have also required expert testimony as to specific causation "when the symptoms are not within the common knowledge of laypersons and not classified as transient or temporary." *See Street v. BP Expl. & Prod. Inc.*, No. CV 17-3619, 2022 WL 1811144, at *3 (E.D. La. June 2, 2022); *see also Troxler v. BP Expl. & Prod., Inc.*, No. 17-4207, 2022 WL 1081193, at *2

(E.D. La. Apr. 11, 2022) (holding that "the causal connection between exposure to oil or dispersants and [chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss] is not within the common knowledge of a layperson" and thus requires expert testimony); *Stephens v. BP Expl. & Prod. Inc.*, No. 17-4294, 2022 WL 1642136, at *4 (E.D. La. May 24, 2022) ("[W]ithout an expert opinion on specific causation, Plaintiff cannot meet her burden of proof on her claims of sinusitis, upper respiratory infection, abdominal cramps and pain, mood disorder, and insomnia.").

Plaintiffs point to no expert witness opinion evidence on causation. Instead, they contend that they are entitled to a "presumption of causation" under the Louisiana Supreme Court case, *Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991). They argue that as long as they establish that (1) Fitzgerald was healthy before the exposure, (2) symptoms of his injury commenced with the exposure and continued thereafter, and (3) medical evidence shows a reasonable connection between the exposure and injury, they are entitled to a presumption of causation under *Housley*.[17] They assert that their son's treating physicians will testify to the cause of his cancer "in light of the *Housley* presumption."[18]

---

[17]   R. Doc. 59 at 4-5.
[18]   R. Doc. 59 at 5.

8

Plaintiffs' reliance on *Housley* is misplaced. The *Housley* doctrine is contrary to Fifth Circuit maritime toxic tort jurisprudence, which makes clear that in a such a case, "temporal connection between exposure to chemicals and an onset of symptoms, standing alone, is entitled to little weight in determining causation." *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 278 (5th Cir. 1998). *Housley* was not a toxic tort case, nor does it apply here.

Even if the *Housley* presumption were available in the context of a maritime toxic tort case, the facts of *Housley* bear no resemblance to the facts of this case. In *Housley*, a pregnant woman underwent an emergency cesarian section after she fell down a flight of stairs and ruptured her amniotic sac. *Housley*, 579 So. 2d at 974-75. "Immediately after the accident," the woman "noticed a significant amount of watery discharge," and her doctor determined that her amniotic sac had ruptured prematurely "[s]everal hours later." *Id.* at 980. The Louisiana Supreme Court held that the trial court did not err in concluding that plaintiffs were entitled to a presumption that the woman's fall down the stairs caused the premature rupture of her amniotic sac. That case is factually dissimilar from the facts of this case, in which plaintiffs' son developed cancer and died within *two*

9

*years* of his alleged exposure to crude oil and dispersants.[19] The "temporal relationship" the Louisiana Supreme Court focused on is absent here. *Id.* at 978.

Finally, *Housley* cannot be read to vitiate the well-settled rule in this circuit that general causation must be established by expert testimony. As discussed, *supra*, general causation is the inquiry "whether a substance is capable of causing a particular injury or condition in the general population." *Seacor Marine*, 326 F. App'x at 724. Plaintiffs also require expert testimony on specific causation because Fitzgerald's injuries are "not within the common knowledge of laypersons and not classified as transient or temporary." *Street*, 2022 WL 1811144, at *3.

Plaintiffs have not disclosed any expert that will testify on general or specific causation, nor have they submitted any expert reports on either topic. Rather, they contend that their son's treating physicians will testify about causation "in light of the *Housley* presumption."[20] This is insufficient to defeat defendants' summary judgment motion.

First, plaintiffs failed to properly disclose Fitzgerald's treating physicians. Plaintiffs argue that because Fitzgerald's physicians were not

---

[19] R. Doc. 59 at 6.
[20] R. Doc. 59 at 6.

10

"retained or specially employed to provide expert testimony in the case," under Fed. R. Civ. P. 26(a)(2)(B), no formal expert report from these physicians was required.[21] But even when no formal expert report is required for an expert witness under Rule 26(a)(2)(B), a party still must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify" under Rule 26(a)(2)(C). Plaintiffs have not done so. Rather, they refer the Court to several lists of the names of Fitzgerald's doctors that they have provided to defendants throughout the course of this litigation. Disclosures under Rule 26(a)(2)(C) "should at the very least be an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion." *Causey v. State Farm Mut. Auto. Ins. Co.*, No. 16-9660, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (internal quotation marks omitted) (emphasis in original). Plaintiffs have provided nothing of the sort. They have given no explanation whatsoever of what the testimony of Fitzgerald's treating physicians would be.

Even if plaintiffs had complied with their disclosure requirements under Rule 26(a)(2)(C), to the extent a treating physician's proposed testimony "extends beyond the facts made known to him during the course

---

[21] *Id.* at 5.

11

of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed. R. Civ. P. 26(a)(2)(B)." *Soll v. Provident Life & Accident Ins. Co.*, No. 00-3670, 2002 WL 1461891, at *5 (E.D. La. July 5, 2002). The treating physicians can thus testify only to "facts made known to [them] during the care and treatment" of Fitzgerald. *Id.* In other words, without expert reports, they cannot testify "that exposure to a certain level of a certain substance for a certain period of time can cause a particular condition in the general population," as such testimony would fall beyond the scope of their own observations in treating Fitzgerald. *Williams v. BP Expl. & Prod., Inc.*, No. 18-9753, 2019 WL 6615504, at *8 (E.D. La. Dec. 5, 2019) (citing *Knight*, 482 F.3d at 351).

Accordingly, plaintiffs cannot meet their burden of establishing general causation. *See Lee v. BP Expl. & Prod., Inc.*, No. 18-10381, 2020 WL 6106889, at *4 (E.D. La. Sept. 29, 2020) ("[D]istrict courts within the Fifth Circuit have likewise required toxic tort plaintiffs to define 'the level of exposure necessary to produce effects' in order to establish general causation."); *see also Seacor Marine*, 326 F. App'x at 726-27 (holding that "[w]ithout any facts that would establish the allegedly harmful level of exposure . . . Dr. Prellop's opinion regarding diesel exhaust does not establish

general causation"). Plaintiffs cannot defeat summary judgment without pointing to evidence capable of being presented in a form that would be admissible on the issue of causation. Since plaintiffs have failed to do so, defendants are entitled to summary judgment. *Celotex*, 477 U.S. at 324.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __10th__ day of November, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE